## HARVEY *against* BOIES.

Words which impute an offence against morality, are not actionable, unless the offence be indictable or induce some legal disability..

Therefore to say "J. H. swore a lie before the sessions, and I can prove it by twenty witnesses," is not actionable.

This record was returned with a writ of error which issued to the Court of Common Pleas of Beaver county, where it was an action of slander brought by *John Harvey* the plaintiff in error, against *John Boies* the defendant in error, for speaking the following words—"John Harvey swore a lie before the sessions, and I can prove it by twenty people:"—which the court below (SHALER President) charged the jury were not actionable, and the plaintiff therefore could not recover—to which opinion the plaintiff excepted, and the same was assigned for error in this court.

*Fetterman* for the plaintiff in error.

Christianity is a part of the law, and ecclesiastical tribunals are essential to its propogation and existence, and hence the necessity of recognizing as judicial, those tribunals which have been erected among all denominations for the administration of those laws, which although peculiar to the respective subjects of them, are nevertheless binding and obligatory. To deprive them of their habitual mode of inquiring after truth, is to deprive them of the power of administering their laws, and punishing in their own way, offenders. The offence of false swearing, before the tribunal of an ecclesiastical body, is in point of morality as great as perjury before a temporal court; and every reason which prompts the punishment of the offender in one case, is equally applicable to the other.

In the course of his argument, Mr. *Fetterman* cited 2d *Day's Connecticut Rep.* 3. (*Commonwealth* v. *Updegraff*.) *M'Millin* v. *Birch*, 1 *Bin.* 186. 1 *Croke*, 135. 185. *Eckert* v. *Wilson*. 10 *Serg. & Rawle*, 47, *Guardians of the Poor* v. *Green*. 5 *Bin.* 555. *Hawk. Pleas of the Crown*, 430, book 1, chap. 3.

*H. M. Watts* for defendant in error.

Actionable words must contain in themselves an express imputation of an offence which would be indictable, and which might subject the party to infamous punishment. *Onslow* v. *Horn*, 3 *Wilson*, 186. *M'Curg* v. *Ross*. 5 *Bin.* 218. *Shaeffer* v. *Kintzer*, 1 *Bin.* 552. *Brooker* v. *Coffin*, 5 *Johns. Rep.* 191.

The office of the inuendo is to elucidate, and not to enlarge the meaning or common import of the words spoken: Do the words as spoken and laid in the declaration, charge *Boies* with an offence for which if true he might be indicted, and if convicted, punished? Per-

(Harvey *v.* Boies.)

jury is false swearing when a *lawful oath* is administered by a *judicial tribunal* having power to administer an oath. The sessions of the church is not an ecclesiastical court; and if it was, it is not recognized by our constitution and laws as a *judicial tribunal,* or as competent to administer an oath: to say therefore of a man, that he swore falsely before the sessions of the church, does not import a charge of perjury, for which if true, the person charged might be indicted and convicted; and this is the true criterion by which words which are actionable, and those which are not, may be judged of. *Ward* v *Clark.* 2 *Johns. Rep.* 10.     *Skinner* v. *Trobe, Cro. Jas.* 190. *Page* v. *Krole, Cro. Jas.* 436.     *Shaeffer* v. *Kintzer.* 1 *Bin.* 542.

The opinion of the court was delivered by

GIBSON, C. J.—If there is any rule established by universal assent, it is that words which impute an offence against morality, are not actionable unless the offence be indictable, or induce some legal disability. No one will pretend that perjury can be assigned in an extra-judicial oath; and to assert that every oath is judicial in the technical sense of the word, which it may be lawful and proper to administer, would ascribe to tribunals merely spiritual, the ordinary attributes of temporal authority: a connexion which no friend to the purity of religion would wish to see established.     From time immemorial Chsistians of every denomination have doubtless had their ecclesiastical courts; and to these is allowed full and free power to adjudicate on matters submitted to them.     But when the civil magistrate is called in to punish for a disregard of the sanctions which they impose, it becomes a question, whether he can interpose, without perverting his power from its legitimate objects.     Christianity has been indefinitely said to be a part of the law of the land. The law undoubtedly avails itself of the obligations of Christianity as instruments to accomplish the purposes of justice.     But judicial oaths are not founded exclusively on the belief of the Christian's revelation, a Jew or a Gentoo being allowed to swear in the form prescribed by his faith. Christianity is indeed recognized as the predominant religion of the country, and for that reason, are not only its institutions, but the feelings of its professors, guarded against insult from reviling or scoffing at its doctrines: so far it is the subject of special favour. But further the law does not protect it. Happily it neither needs nor endures the patronage of temporal authority, from contact with which, it is proved by all experience, to contract defilement.     But perjury is punishable in the temporal courts, not for its moral guilt, but its consequences to the public at large, in obstructing the administration of distributive justice.     Its consequences however, do not affect the public at large, where it has been committed in an ecclesiastical court, inasmuch as they consist in the obstruction of discipline among the members of the particular sect; and to punish it as an offence against the public, would be to treat it as what it clearly

(Harvey *v.* Boies.)

is not, and to enforce by the civil arm, the laws of a religious society; an object foreign to the aim of temporal government. If, then, false swearing in a spiritual matter, be not in reason, as it certainly is not in point of authority, an indictable perjury, what show of argument is there in favour of the position that words which impute it are actionable?

According to the principles of the action as now universally understood, it is not the infamy of the charge which constitutes the injury, but the danger created by it of sustaining a criminal prosecution or incurring a legal disability. This distinction is a guide which leads through every intricacy of circumstances, to at least, certainty of conclusion. It is of little account that the infamy is in fact the substantial injury. To have any law at all in the world, it is necessary that the consequences of human actions be determined beforehand by fixed principles, and not subsequently by the arbitrary discretion of the magistrate: and the law of slander as it is already established, is, if not as consistent with what may be thought natural justice, certainly more convenient in practice than the anomalous mass that would be produced by deciding every case on its circumstances, according to the dictates of reason or of passion. In any event we are not at liberty to declare the law otherwise than as we find it; and according to the authorities, with a single exception, the words laid and proved are not actionable.

Judgment affirmed.